IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ DC
05 MAY 25 AM 8:09
ROBERT R. DI TROLIO
CLERK OF US. DIST CT
W/D OF TN-JACKSON

| | | |
|---|---|---|
| BOBBY TART and wife, LORETTA TART, Individually; and ESTATE OF ROBERT WALTER TART, by Personal Representatives Bobby Tart and Loretta Tart, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1056-T/An |
| JOHN DOES CORRECTIONAL OFFICERS, JANE DOES CORRECTIONAL OFFICERS, BENDELL BARTHOLOMEW, Carroll County Sheriff, STEPHEN UNDERWOOD, Carroll County Jailer, TERRY DICKEY, Chief Deputy, and TOMMY DECANTES, each Individually and in their Official Capacities; CARROLL COUNTY SHERIFF'S OFFICE and CARROLL COUNTY, TENNESSEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO DISMISS CERTAIN DEFENDANTS

The plaintiffs, Bobby Tart and Loretta Tart, individually and as personal representatives of the estate of Robert Walter Tart, filed this action pursuant to 42 U.S.C. § 1983 against Carroll County, Tennessee, the Carroll County Sheriff's Department, Sheriff Bendell Bartholomew and various other officers employed by the Sheriff's Department. The

This document entered on the docket sheet In compliance with Rule 58 and/or 79 (a) FRCP on  5/31/2005



Sheriff's Department and jailer Stephen Underwood filed a motion to dismiss on April 15, 2005. Pursuant to Local Rule 7.2(a)(2), a response to the motion was due on or before May 18, 2005. See Fed. R. Civ. P. 6(e). However, plaintiffs have not responded to the motion to dismiss, and have not requested an extension of time in which to do so.

Defendant Underwood moves for dismissal of the action against him on the grounds that service of process was insufficient. Pursuant to Fed. R. Civ. P. 4(e), service of process upon an individual may be made in accordance with the law of the state in which the district court is located. Under the Tennessee Rules of Civil Procedure, service may be made upon an individual by registered or certified mail, return receipt requested. See Tenn. R. Civ. P. 4.04(10). However, "[i]f a plaintiff elects to serve a defendant with process by the method of certified return receipt mail, the plaintiff must comply with the remaining provisions of rule 4.04." Boles v. Tennessee Farmers Mut. Ins. Co., No. M1999-00727-COA-R3-CV, 2000 WL 1030837, *3 (Tenn. Ct. App. July 27, 2000). Thus, if the defendant is an individual, the plaintiff must send the certified return receipt mail "to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or to the person's agent for for service of process. Id., quoting Tenn. R. Civ. P. 4.04(1).

In this case, a return receipt shows that the original summons and complaint were sent to defendant Underwood at 200 Norandal Drive, in Huntingdon, Tennessee, which is the

2

address of the Carroll County Jail. The person who signed the return receipt was Fay Clark. Defendant Underwood indicates that Ms. Clark is an employee of the Carroll County Sheriff's Department. Thus, he contends that service was insufficient because it was neither signed by him personally nor sent to his dwelling place.[1]

Although the defendant did not sign the return receipt personally, the record reveals that counsel for the plaintiffs has requested the issuance of an alias summons for Underwood, with an address of 59 Smith Avenue in McKenzie, Tennessee. The alias summons was issued on April 29, 2005, but no return has yet been made.

Federal Rule of Civil Procedure 4(m) provides that if service is not made on a defendant within 120 days after the complaint is filed, the Court may, upon motion or *sua sponte* after notice to the plaintiff, either dismiss the action without prejudice or extend the time for service of process. The complaint in this case was filed on February 28, 2005. Therefore, the 120-day period provided by Rule 4(m) will not expire until June 28, 2005. Even though plaintiff did not respond to the motion to dismiss, the Court declines to dismiss the action as to Underwood prior to the expiration of that 120-day period, particularly as an alias summons has already been issued. If proper service is not made within the time provided by the rule, the defendant may renew his motion to dismiss.

The Carroll County Sheriff's Department also moves for dismissal on the grounds that it is not a separate entity that may be sued apart from Carroll County. As Carroll County

---

[1] Rule 4.04(1) requires service at an individual's dwelling place only if the individual attempts to evade service. Otherwise, the rule requires only that the individual be served "personally" or through an authorized agent.

itself has been sued, naming the Sheriff's Department as a defendant adds nothing to this action. The Sixth Circuit has recognized that a sheriff's department is not a separate, suable entity. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Jones v. Union County, Tennessee, 296 F.3d 417, 421 (6th Cir. 2002) (where both county and sheriff's department were named defendants, plaintiff conceded that sheriff's department could not be sued). Therefore, the Carroll County Sheriff's Department is not a properly named defendant and must be dismissed.

Accordingly, the motion to dismiss (doc. #14) is hereby DENIED as to defendant Underwood and GRANTED as to the Carroll County Sheriff's Department.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

24 May 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 1:05-CV-01056 was distributed by fax, mail, or direct printing on May 31, 2005 to the parties listed.

---

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Raymond T. Throckmorton
Raymond T. Thorockmorton
306 Gay St.
Ste. 101
Nashville, TN 37201

Terrance E. McNabb
S
101 Church St.
Ste. 400
Nashville, TN 37201

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Terrance E. McNabb
101 Church St.
Ste. 400
Nashville, TN 37201

Raymond T. Throckmorton
306 Gay St.
Ste. 101
Nashville, TN 37201

Honorable James Todd
US DISTRICT COURT